UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KNOWLES ELECTRONICS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN AUDIO COMPONENTS, INC., AAC ACOUSTIC TECHNOLOGIES HOLDINGS, INC., GENERAL MEMS CORPORATION, NAN ZHANG, individually and as employee and agent of GENERAL MEMS CORPORATION, MARK WANG, individually and as employee and agent of GENERAL MEMS CORPORATION, and DOES 1-25, inclusive, <br><br> Defendants. | **REDACTED VERSION** <br><br> Case No. 06 C 6213 <br><br> Judge John F. Grady <br><br> Magistrate Judge Maria Valdez <br><br> **FILED UNDER SEAL** <br><br> **CONTAINS HIGHLY CONFIDENTIAL INFORMATION** |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL KNOWLES TO FILE A PARTICULARIZED TRADE SECRET STATEMENT

### INTRODUCTION

Defendants American Audio Components, Inc. and AAC Acoustic Technologies Holdings, Inc. ("AAC") seek to compel Knowles to file a particularized trade secret statement as a condition precedent to producing documentation requested by Knowles in its Request to Produce documents, attached as Exhibit A. Defendants' Motion to Compel is insufficient and must be denied for several cogent reasons:

1. The case law cited to by AAC is not as advertised and simply does not stand for the blanket proposition which AAC advances.

2. AAC's motion is untimely and is presented as a tactic to obfuscate Knowles' legitimate discovery.

3. This motion is premature as discovery is on-going and AAC has not filed any motion challenging the sufficiency of the allegations in the Complaint.

4.   On the merits, Knowles has already supplied AAC with more than sufficient information evidencing AAC's misappropriation of Knowles' trade secrets, confidential information and proprietary data.

For the reasons stated herein Knowles asks this Court to deny AAC's Motion to Compel and enter an order requiring the defendants to produce the documents which have been withheld intentionally to bar Knowles from learning the use to which its trade secrets, confidential information and proprietary data have been used.

## ARGUMENT

### AAC'S MOTION DOES NOT SUPPORT AN ORDER COMPELLING KNOWLES TO PRODUCE THE STATEMENT

The case law relied upon by the AAC is not as advertised. AAC pins its hopes here upon a case which does not stand for the proposition claimed. Accordingly, *AutoMed Technologies, Inc. v. Eller* does not *ipso facto* impose an absolute duty upon the plaintiff to file a particularized trade secret statement. In *AutoMed*, the Court originally declined to rule [on a protective order] based in part on plaintiff's representations that an Amended Complaint would more specifically identify the trade secrets in question. *AutoMed Technologies, Inc. v. Eller*, 160 F. Supp. 2d 915, 925 (N.D. Ill. 2001). The Court's basis for requiring a particularized statement of trade secrets has its genus in the concept that a Plaintiff is not entitled to engage in a "fishing expedition" into defendant's valuable business and competitive information absent a sufficiently detailed statement of the trade secret claims in the Complaint which will permit the court to "evaluate the relevance of plaintiff's discovery and address any objections." *AutoMed Technologies, Inc.*, 160 F. Supp. at 926.

In the present case, however, plaintiff identified the trade secrets which are the subject of the lawsuit in several ways. Knowles' identification to date is far more detailed than which was the subject of the *AutoMed* decision and on its face permits an evaluation of the claims and the

2

relevance of the discovery. Here, there has been no allegation that the Complaint is insufficient (as there was in *Automed*). Here, numerous specific trade secret areas are identified in the Complaint itself. Accordingly, in the present case, the information already in possession of the defendants provides significant detail of the known misappropriated trade secrets. Moreover, the information provided permits AAC to evaluate the relevance of Knowles' discovery requests and address any objections. *A fortiori*, there is absolutely no need for further specification in the form of a list which would merely summarize information and details already produced.

The other cases relied upon by AAC are equally unpersuasive and readily distinguishable. *See Zila Swab Techs., Inv. v. Van Dyke*, 2002 WL 310282720 (N.D. Ill. 2002) (Complaint and interrogatories did not contain specific information of trade secret information); *Combined Metals of Chicago, Ltd Partnership v. Airtek, Inc.*, 985 F. Supp. 827 (N.D. Ill. 1997) (court instructed plaintiffs to file amended counter-claim identifying secrets it alleged defendants violated); *Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F. 2d 1263 (7th Cir. 1992) (court vacated jury verdict for lack of evidence of violation of trade secret); *AMP Inc. v. Fleischhacker*, 823 F. 2d 1199 (7th Cir. 1987) (court affirmed district court's judgment for the defendants, holding there were no trade secrets, no evidence the defendant took or used the information, and that plaintiffs failed to identify particular trade secrets throughout the entire litigation); *and Motorola, Inc. v. DBTEL, Inc., et al.*, 2002 WL 1610982 (N.D. Ill. 2002) (court found plaintiffs did not sufficiently inform defendants or the court of the trade secret information sufficient to grant plaintiff's motion for preliminary injunction. Court distinguished case from that of "stolen" trade secrets).

AAC asks this Court to misapply the facts and rely upon inapposite authority. Nowhere do the AAC Defendants cite any case law which addresses the extent of the disclosures which Knowles has already made in this case. Clearly, the cases relied upon by AAC do not create an

3

absolute duty to file a particularized statement trade secret where there are no allegations attacking the sufficiency of the complaint and, through numerous avenues, plaintiff has already provided defendants with specific trade secret identification and details.

## AAC DEFENDANTS' MOTION TO COMPEL IS UNTIMELY

On December 22, 2006, counsel for defendant AAC sent a letter to counsel for Knowles demanding that Plaintiff file a particularized trade secret statement with the Court and supplement an interrogatory response. (*See* 12.22.06 Letter from S. Lu to Gwen Geraghty, attached as Exhibit B.) In his letter, AAC states that it would file an "appropriate motion" if Knowles did not provide the particularized trade secret statement. *See id.* Two weeks passed and no motion was filed. During this time counsel for Knowles continued to request that AAC inform Knowles when the AAC production would be complete and available to be produced. AAC responded to each inquiry that its production would soon be complete and ready for inspection and copying. (*See* 12.26.06 Correspondence Between AAC and Knowles Counsel, attached as Exhibit C.) Instead, on January 8th, the eve of the first of several depositions being taken pursuant to this Court's shortened schedule, counsel for AAC informed Knowles for the first time that a significant number of relevant documents had been withheld and not produced. On the same day, AAC filed the instant Motion to Compel. (*See* 1.8.06 Letter from Gwen Geraghty to B. Wessel, attached as Exhibit D.)

AAC's actions are nothing more than a transparent litigation tactic, the purpose of which is to deprive Knowles of access to critical technical documents demonstrating the use to which Knowles trade secrets, confidential information and proprietary data had been used by AAC. In waiting until the night before a key deposition to advise Knowles that potentially relevant documents had been withheld intentionally, AAC effectively prohibited that witness from being

4

examined about documentation evidencing the use of Knowles' trade secrets, confidential information, and proprietary data by AAC.

### a. *AAC Additional Delay and Obfuscation*

Further evidence of AAC's intentional delay and obfuscation is seen in its actions **REDACTED** AAC originally noticed depositions, issued subpoenas and requested documents from **REDACTED**

However, AAC later withdrew its deposition notice, subpoena and document request and is now objecting to Knowles' review of the very documents it sought from **REDACTED** By so conducting itself AAC has effectively frustrated the utility of the **REDACTED** depositions[1]. (*See* 1.15.07 1:35 CT Email Correspondence Between Knowles and AAC Counsel, attached as Exhibit E; *and see also* 1.15.07 5:08 CT Email Correspondence from AAC Counsel to Knowles Counsel, attached as Exhibit F; *and see also* 1.16.07 Email Correspondence between AAC Counsel and MEMSCAP, Inc. Counsel, attached as Exhibit G.)

### AAC'S MOTION TO COMPEL IS PREMATURE

AAC's Motion to Compel is also premature as a matter of law because discovery is not complete. Clearly, Knowles has satisfactorily plead a claim for violation of the Illinois Trade Secret Act ("ITSA"). No motion to dismiss was filed and there are no allegations that Knowles failed to satisfactorily plead a claim for violation of the Act. Accordingly, Knowles is entitled to the discovery it requested without having to serve a particularized trade secret statement as a condition precedent to receiving the discovery. Plaintiff continues to learn the full extent of the trade secrets stolen through discovery. Plaintiff has provided descriptive documentation of the known ITSA violations to date in its discovery responses, including identifying the specific

---

[1] Concurrent with this response, Knowles files Plaintiff's Motion for Relief from Interference with a Valid Third-Party Subpoena so that Knowles may review additionally withheld document evidencing the use of its trade secrets, confidential information, and proprietary data.

5

documents plaintiff was producing while addressing the trade secret misappropriation claims. AAC is in possession of the Complaint, the discovery responses, **REDACTED** including a corresponding list of information given to AAC[2], and now the recent deposition testimony. AAC's litigation tactic is clear: stonewall production of key documentation that would further evidence the theft and use of the Knowles information until after the on-going depositions are completed.

### KNOWLES HAS ALREADY SUFFICIENTLY DESCRIBED THE TRADE SECRETS IT ALLEGES ARE BEING MISAPPROPRIATED BY AAC

Knowles has sufficiently specified the specific trade secret information which it claims AAC misappropriated. AAC ignores that it made a specific document request on this issue and that plaintiff provided numerous indexed documents. (*See* 1.2.07 Letter from Knowles Counsel to Defendants' counsel containing Knowles Production Index, attached as Exhibit I.) Defendants merely need to reference the production log produced by Knowles to find the specific information which AAC claims is "lacking". At this point, in addition to the Complaint and the Knowles production, AAC has **REDACTED**, as well as documents produced by Knowles in response to AAC's discovery requests. AAC also has the deposition transcripts of numerous witnesses who identified Knowles trade secrets, confidential information and proprietary data.

---

[2] **REDACTED**

6

It would be repetitive to require production of additional relevant data under the guise of a particularized trade secret statement. AAC ignores the investigative nature and purpose of the discovery process under the Federal Rules of Civil Procedure. To the contrary, defendants have been provided with information which is clearly sufficient to identify and describe the trade secret, confidential information and proprietary data which AAC has misappropriated.

# REDACTED

-----------

REDACTED

REDACTED

----------

**REDACTED**

Knowles: (1) has supplied the defendants will all information in Knowles' possession to date; (2) indexed the production it has sent to the defendants to date; (3) continues to find misappropriation evidence as it receives production documents from defendants; and (4) will find additional misappropriation evidence when it receives the currently withheld documents of AAC. Knowles continues to reserve its right set forth in the Complaint to identify trade secret misappropriations by AAC as the litigation continues.

## KNOWLES IS ENTITLED TO THE DOCUMENTS CURRENTLY WITHHELD BY AAC

Since Knowles has already identified for AAC the specific Knowles trade secrets, confidential information and proprietary data which have been misappropriated by AAC, plaintiff is entitled to the responsive documents currently being intentionally withheld. Plaintiff is confident the current information illustrates the blatant misuse of trade secret information by AAC. Still, plaintiff is entitled to the deliberately and improperly withheld information which would further establish evidence of misappropriation of Knowles trade secrets, confidential information and proprietary data and directly evidence AAC's use thereof. With this Response, plaintiff's ask the court to compel the production of the formerly withheld documents immediately.

## CONCLUSION

WHEREFORE, for the reasons set forth here, Knowles respectively asks this Court to deny AAC's Motion to Compel and grant Knowles' request for the production of the withheld documents immediately as such documents have been identified and intentionally withheld.

Dated: January 17, 2006

Respectfully submitted,

By: /s/ Dean A. Dickie

One of the Attorneys for Plaintiff, Knowles Electronics, LLC

Dean A. Dickie, ARDC No. 0631744
Harry N. Arger, ARDC No. 6198806
Gwen M. Geraghty, ARDC No. 6216124
Timothy M. Morella, ARDC No. 6257444
Michelle B. Fisher, ARDC No. 6277061
Dykema Gossett PLLC
10 S. Wacker Drive
Suite 2300
Chicago, Illinois 60606
(312) 876-1700

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2007, I filed the foregoing **REDACTED VERSION of PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL KNOWLES TO FILE A PARTICULARIZED TRADE SECRET STATEMENT** with the court and served same upon counsel set forth below electronically:

| | |
|---|---|
| Suzanne J. Prysak<br>Jenner & Block<br>330 N. Wabash Avenue<br>Chicago, IL 60611-7603<br>(312) 923-2915<br>(312) 840-7315 fax<br>sprysak@jenner.com | Bruce A. Wessel<br>Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>(310)277-1010<br>(312) 203-7199 fax<br>bwessel@irell.com |

/s/ Gwen M. Geraghty

CHICAGO\2279578.1
ID\SCA